IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) ANTHONY SYKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | |
| (1) INTERNAL REVENUE SERVICE, | ) | |
| (2) DEPARTMENT OF HUMAN SERVICES, | ) | |
| (3) OU MEDICAL CENTER, | ) | |
| (4) EMERGENCY MEDICAL SERVICES | ) | |
| AUTHORITY, | ) | |
| (5) MORNINGSTAR ER PHYSICIANS, | ) | |
| (6) VALIR PHYSICAL THERAPY, | ) | |
| (7) DYCUS-CAMP CLINIC, | ) | |
| (8) ORTHOPEDIC & RECONSTRUCTIVE | ) | |
| CENTER, | ) | |
| (9) OKLAHOMA INTERVENTIONAL PAIN | ) | |
| MANAGEMENT, | ) | |
| (10) MIDWEST OPEN MRI, | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF REMOVAL

The United States removes the above-captioned action to this Court under 28 U.S.C. §

1441(a) and gives notice of removal of this action to this Court as required by 28 U.S.C. §

1446(a), (b), and (d).

On December 3, 2010, Anthony Sykes filed an interpleader action in the District Court of

Oklahoma County, State of Oklahoma.[1]  On December 22, 2010, Sykes filed an amended petition

in state court.[2]  In his amended petition, Sykes alleges that he was at all relevant times a resident

---

[1]Petition to Apportion Liability Settlement Proceeds (Case No. CJ-2010-9839).

[2]Amended Petition to Apportion Liability Settlement Proceeds (Case No. CJ-2010-9839).

of Oklahoma County, that he was injured in an automobile accident on May 6, 2010, which occurred due to negligence of Lawrence Pernell, that Mr. Pernell carried liability insurance with Geico Casualty Company with a liability limit of $25,000, and that Geico tendered to Sykes the policy limit of $25,000 to settle his claim.  Sykes further alleges that his attorney is entitled to $10,000 for services relating to the claim, that the Internal Revenue Service is entitled to $11,291.92 on its federal tax liens,[3] that $2,970.50 is owed to DHS for child support, and that medical providers owed $20,472.04 should share in the remainder, pro-rata.

The issue in the suit relates to the priority of federal tax liens, which is a matter of federal law.  *See Aquilino v. United States*, 363 U.S. 509 (1960).  Under 28 U.S.C. § 1441(a), civil actions brought in a state court may, as a general matter, be removed to federal district court where the federal district court has original jurisdiction of the matter.  Also, under 28 U.S.C. § 1444, the United States may remove any action brought against it under 28 U.S.C. § 2410, which includes suits in which the United States claims a lien.[4]  This section confers a substantive right of removal.  *See City of Miami Beach v. Smith*, 551 F.2d 1370, 1374, n.5 (5th Cir. 1977); *E.C. Robinson Lumber Co. v. Hughes*, 355 F. Supp. 1363, 1366–67 (D.C. Mo. 1972); *United States v. Webster Record Corp.*, 192 F. Supp. 104, 105 (D.C. N.Y. 1961).  Thus, this case may also be removed to federal district court under 28 U.S.C. § 1444.

---

[3]The IRS assessed against Sykes income tax liabilities for the taxable years 2004 and 2005 on May 22, 2006, and assessed income tax liabilities for the taxable years 2006, 2007 and 2008 on September 28, 2009.  On February 2, 2010, the IRS filed a notice of federal tax lien ("NFTL") relating to the income tax liabilities for the taxable years 2004 through 2008 with the Oklahoma County Clerk.  At the time the NFTL was filed, the unpaid balances of the income tax liabilities for the taxable years 2004 through 2008 totaled $11,291.92 (the amount alleged in the petition).  The liabilities now total $13,836.06, including interest accruals calculated to January 31, 2011.

[4]28 U.S.C. § 2410(a)(5).

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty (30) days after receipt of a copy of the initial pleading.  The United States received the state-court summons for this matter on December 6, 2010, making removal here timely.

As required by 28 U.S.C. § 1446(a), the United States has attached copies of all documents delivered to the United States with the Summons.  The United States will provide written notice of removal to Plaintiff and all Defendants by mailing them a copy of the filed notice.  Pursuant to 28 U.S.C. § 1446(d), the United States will file a removal notice with the District Court of Oklahoma County, State of Oklahoma, and give written notice of removal to all adverse parties.

**WHEREFORE**, the above-captioned civil action in the District Court of Oklahoma County, State of Oklahoma, is hereby removed to the United States District Court for the Western District of Oklahoma.  Defendants request that this action be entered upon the docket of this Court in accordance with Fed. R. Civ. P. 81(c).

Dated: January 4, 2011

SANFORD C. COATS
United States Attorney

s/ Mark C. Milton
MARK C. MILTON
Missouri Bar #63101
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 616-2904
Fax: (202) 514-6770
mark.c.milton@usdoj.gov